UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LENELL WEAVER,<br><br>                           Petitioner,<br><br>      vs.<br><br>L.S. MCEWEN, Warden, et al.,<br><br>                           Respondents. | Civil No.    11-2701 JLS (RBB)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

      On November 14, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In this action Petitioner is challenging his January 29, 1997 San Diego County Superior Court conviction and sentence in Case No. SCD118179 (*See* Pet. at 1.)

      **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

      On October 21, 2002, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE NO. 02cv2073 BEN (NLS). (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 02cv2073 BEN (NLS), filed 10/21/02.) In that petition, Petitioner challenged his conviction and sentence in San Diego Superior Court case No. SCD118179 On February 7, 2006, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. (*See* Order in SO. DIST. CA. CIVIL CASE NO. 02cv2073 BEN (NLS), filed 2/7/06 [ECF No. 28].) Petitioner appealed that determination. On May 16, 2007, the Ninth

Circuit Court of Appeals affirmed the district court's decision. (*See* Order in *Weaver v. Alameida*, No. 06-55501 (9th Cir. May 16, 2007) [ECF No. 36].)

### **INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003) (same). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### **CONCLUSION**

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December 6, 2011

Honorable Janis L. Sammartino
United States District Judge